## The Commonwealth *versus* Capp.

*Certiorari in criminal case, when special allocatur required.— Obstruction of street by railroad company, not indictable at common law.*

1. A defendant in a criminal case cannot have a writ of error or *certiorari*, except by special allowance of the Supreme Court, or a judge thereof, or by consent of the attorney-general.

2. But the Commonwealth is not subject to this disability: and her representative, the district attorney of the proper county, may take out a writ of error or *certiorari* without such allowance or consent.

3. The remedy against an engineer or agent of a railroad company for obstructing the crossings of a public street or road with their locomotives and cars, is exclusively under the Act of 20th March 1845 : he is not liable to indictment at common law.

CERTIORARI to the Quarter Sessions of *Clinton county.*

At December Sessions 1863, Hosea Capp, one of the conductors of passenger trains upon the Philadelphia and Erie Railroad, in the employ of the Pennsylvania Railroad Company, was indicted for obstructing one of the streets of the borough of Lock Haven, by permitting cars to stand upon the crossing of said street, contrary to the Act of Assembly and the peace and dignity, &c.

The defendant demurred to the bill, and the district attorney joined issue on the demurrer.

The court below, on hearing, delivered the following opinion, and gave judgment for the defendant, which was the error assigned :—

" The question presented is, whether the indictment alleges an offence of which the defendant can be convicted under the laws of Pennsylvania.

" There can be no doubt that the allegations of the bill, if true, would be sufficient to convict the defendant of nuisance at common law, and this we do not understand the defendant to deny. But the allegation is, that the legislature having, by an Act of Assembly passed the 20th March 1845, provided a specific remedy for the injury complained of, the common law remedy by indictment cannot be resorted to. Now, if this position be correct, the demurrer is sustained, because, in this view, the bill

[The Commonwealth *v.* Capp.]

does not allege an offence punishable by indictment. It is contended, however, by the counsel for the Commonwealth, that the remedy provided by the Act of 1845 is but cumulative, and does not supersede the common law remedy by indictment. The act referred to is in these words: 'It shall not be lawful for any railroad company to block up the passage of any crossings of public streets or roads, or obstruct the said crossings with their locomotives or cars; and if any engineer or other agent of any railroad company shall obstruct or block up such crossings, he or they shall be subject to a penalty of $25, to be recovered with costs in the name of the Commonwealth of Pennsylvania, before a justice of the peace; one half of such penalty shall be paid to the informer or informers, and the remaining half shall be paid into the treasury of the Commonwealth: *Provided*, That in the event of such engineer or agent being unable to pay the said penalty, then and in that case the said railroad company employing the said engineer or agent shall pay the penalty aforesaid.'

"The Act of 1806 ordains that 'in all cases where a remedy is provided or duty enjoined, or anything directed to be done by any Act or Acts of Assembly of this Commonwealth, the directions of the acts shall be strictly pursued, and no penalty shall be inflicted or anything done agreeably to the provisions of the common law in such cases further than shall be necessary for carrying such act or acts into effect.' This act is introduced *verbatim* into the new Penal Code of 1860, and thus its provisions are made applicable to both civil and criminal cases. If, then, a remedy has been provided by the Act of 1845 for the injury complained of, the offence charged is not indictable, but the act providing for the recovery of a penalty in a *qui tam* action must be strictly pursued. It seems to us that the injury provided for by the Act of 1845 is not distinctly set forth in the indictment, as was the case in Kelly *v.* The Commonwealth, 11 S. & R. 345, but, on the contrary, the nuisance complained of consists in the commission of the very acts for which a penalty is provided by the Act of 1845. The indictment charges that the defendant obstructed the highway by allowing the cars to stand upon the crossing, and the statute forbids any railroad company to block up the passage of any crossings of public streets or roads, or to obstruct the said crossings with their locomotives or cars, under a penalty of $25. We are unable to discover wherein the offence stated in the bill differs from that mentioned in the statute, and we are therefore of the opinion that this indictment cannot be sustained.

"This conclusion is fully sustained by the cases of The Commonwealth *v.* Evans, 13 S. & R. 426; Garman *v.* Gamble, 10 Watts 382; Pennsylvania Railroad *v.* Kelly, 7 Casey 372; Oli-

[The Commonwealth v. Capp.]

phant v. Smith, 3 Penna. R. 180; Criswell v. Clugh, 3 Watts 330; Brown v. Commonwealth, 3 S. & R. 275; and McIlhenny v. Commonwealth, 10 Harris 365.

"Judgment is therefore given for the defendant on the demurrer, that he the said defendant go without day."

This writ was then sued out by the district attorney, without a special allocation.

*George O. Deise,* District Attorney, with whom was *John H. Orvis,* for the Commonwealth.—In the decision of this case the court sustained the demurrer, on the ground that a specific remedy was provided for the injury complained of, by the Act of the 20th of March 1845, and therefore the common law remedy by indictment could not be resorted to. The decision of this case depends upon the construction of the Act of the 21st of March 1806, and whether the common law remedy is absorbed by this statute. The obstruction of a highway is an offence at common law, which the Act of the 20th of March 1845 did not extinguish. The procedure by indictment at common law is still in force in Pennsylvania, notwithstanding the cumulative remedies given by statute. An indictment for nuisance is not within the provisions of the Act of 1806, although a statutory remedy be provided: Kelly v. Commonwealth, 11 S. & R. 346.

The Act of 1806 only applies when a specific method of procedure is directed by Act of Assembly; for when a new penalty is attached to a common law offence, then the indictment may still be at common law. The obstruction of a public highway being an indictable offence prior to the Act of the 20th of March 1845, that act did not create a new offence, but merely imposed an additional penalty for an existing offence. See Wh. Am. Crim. Law, 4th ed. § 10 (3); Turnpike Road v. People, 15 Wend. 267; Commonwealth v. Vansyckle, Bright. R. 69; Commonwealth v. Church, 1 Barr 105; Regina v. Wigg, 2 Salk. 460; Rex v. Robinson, 2 Burr. 805.

From the principles settled by these cases we contend that the common law remedy by indictment for nuisance was not taken away by the Act of 1845, and the judgment of the court on the demurrer should have been *respondeat ouster.*

*Beardsley & Mayer,* for defendant, moved to quash the *certiorari* because not specially allowed.

The opinion of the court was delivered, June 22d 1864, by

Woodward, C. J.—The motion to quash the writ of *certiorari,* because it was issued without a special *allocatur,* was argued in connection with the question upon the record, and is first to be disposed of.

[The Commonwealth *v.* Capp.]

Notwithstanding the generality and comprehensiveness of the language of the Act of Assembly of June 16th 1836, defining the jurisdiction and powers of this court (Purd. 928), the construction given to it in The Commonwealth *v.* McGinnis, 2 Wh. 114, left in force the Act of April 13th 1791, which forbade a writ of *certiorari* to any person indicted for crime or misdemeanour, except upon special allowance by the Supreme Court, or a judge thereof, or by consent of the attorney-general; and under that act writs were always quashed on motion when not so allowed: Commonwealth *v.* Meyer, 2 S. & R. 453; Marsh *v.* Commonwealth, 16 Id. 319.

And the 33d section of our Act of March 31st 1860, Purd. 414, is a re-enactment of the Act of 1791. It may be laid down very confidently, therefore, that a defendant in a criminal case can have a writ of error, or *certiorari*, only by special allowance of this court, or of a judge thereof, or by consent of the attorney-general. But may not the Commonwealth have a writ without such allowance or consent? This is our present question.

There is nothing in the disabling provisoes of the statutes to limit the right of the Commonwealth, and the powers of this court, whether deduced from the common law, from the old provincial Act of 1722, or from legislation under our state constitutions, are quite competent to the review of any judicial record, when no statutory restraints have been imposed. See Commonwealth *v.* Simpson, 2 Grant's Cases 443.

It would be very strange if the Commonwealth might not appeal to her own tribunals for justice, without the special consent of certain of her own officers. The abuses and evils which would come from an indiscriminate indulgence of defendants cannot be expected to spring from the rare instances in which the sovereign would invoke the appellate jurisdiction, and hence no restraints have been imposed by statute upon the sovereign, and we will impose none by judicial construction.

The *certiorari* in this case was sued out by the district attorney. He represents the Commonwealth in the criminal prosecutions of Clinton county. As to him the writ was a matter of course, which needed no sanction of a judge or of the attorney-general. The record was well removed by it, and the motion to quash must be dismissed.

As to the question upon the record, we think the demurrer to the indictment was well sustained, and that the reasons given by the learned judge are sufficient to justify the judgment, which is accordingly affirmed.

Thompson, J., dissents to this opinion, so far as it goes to overrule the motion to quash, but assents to affirmance of the judgment.