# Commonwealth *v.* Congdon, Appellant.

*Summary conviction—Sunday baseball—Justice of the peace— Appeals to quarter sessions.*

In cases of summary conviction, the court of quarter sessions has discretionary power to allow or refuse an appeal, but if the appeal has not been vacated or dismissed upon cause shown, the parties are entitled to a hearing upon such relevant and material evidence pertaining to the charge, as they produce, and to the judgment of the court based on the facts established thereby, and the law applicable to those facts. To grant the appeal is discretionary, but to accord the parties such hearing, under the circumstances, is not discretionary but demandable.

On an appeal from a summary conviction for playing baseball on Sunday, the defendant is entitled to the distinct and unequivocal judgment of the court below, upon the facts and the law applicable to those facts, and an order which merely affirmed the judgment of the magistrate will be reversed, and the record remitted, in order that the case may be heard, and judgment entered as the law and the evidence require.

Argued March 10, 1919. Appeal, No. 29, Oct. T., 1920, by defendant, from judgment of Q. S. Philadelphia County, Nov. Sessions, 1919, affirming judgment of magistrate, in the case of Commonwealth of Pennsylvania v. Clemont H. Congdon. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Appeal from summary conviction. Before BREGY, J.

The facts are stated in the opinion of the Superior Court.

The court below entered the following decree:

The judgment of the magistrate is affirmed and the appeal is dismissed.

*Error assigned* was the decree of the court.

*George S. Wolbert,* for appellant.

*Elton J. Buckley,* for appellee.

*George Wharton Pepper,* for the Commissioners of Fairmount Park as amicus curiæ.

PER CURIAM, July 14, 1920:

The defendant was arrested upon a charge of having engaged in "an unlawful game, and a sport and diversion, upon Sunday, in violation of the Act of Assembly of April 22, 1794, 3 Smith's Laws, 177," and after a hearing before a magistrate was convicted and adjudged and decreed to pay the penalty by the statute provided. He thereupon presented his petition to the Court of Quarter Sessions of Philadelphia County praying for the allowance of an appeal from the judgment of the magistrate and the appeal was by the court allowed. The court, after a hearing, entered the following order: "The judgment of the magistrate is affirmed and the appeal dismissed." The defendant appeals from that order.

The making of the order above quoted is assigned for error. There is nothing in the record which expressly shows whether this judgment was based on a mere review of the proceedings sent up by the magistrate, or upon evidence produced on a hearing in the court pursuant to the appeal. The learned judge of the court below seems to have failed to recognize the distinction between the jurisdiction exercised by the court of com-

mon pleas, upon certiorari, to review the proceedings of magistrates and determine whether they have kept within the limits of their jurisdiction, and the jurisdiction of the quarter sessions, after an appeal has been allowed in a summary conviction, to pass upon the merits of the controversy. Prior to the adoption of our present Constitution the defendant in a summary conviction proceeding had the right to have the proceeding reviewed by the court of common pleas, upon certiorari, and that right was preserved by section 10, article V, of the Constitution. That remedy however, confined the inquiry to the regularity of the proceeding and did not involve any consideration of the merits; the court could not inquire into the facts. The Constitution, in section 14, article V, enlarged the right of appeal, in cases of summary conviction, to remedy evils of considerable magnitude which had grown up under laws giving inferior magistrates and courts not of record the power to fine and imprison summarily. The Act of April 17, 1876, P. L. 29, which was passed to carry into effect that provision of the Constitution, vests in the court of quarter sessions the discretion to allow appeals in such cases. When an appeal has been inadvertently allowed or has been procured by fraud and misrepresentation, the court may dismiss the appeal, and in that event the effect is the same as if the appeal had not been allowed; the judgment stands as the judgment of the magistrate. "But if the appeal has been allowed, and has not been vacated or dismissed upon cause shown, the parties are entitled to a hearing upon such relevant and material evidence pertaining to the charge as they produce, and to the judgment of the court based on the facts established thereby, and the law applicable to those facts. In short, to grant the appeal is discretionary, but to accord the parties such hearing, under the circumstances stated, is not discretionary, but demandable": Com. v. Levine, 36 Pa. Superior Ct. 193. When the appeal has been allowed, the charge or cause of action remains the

same, but the proceedings to determine the guilt or innocence of the defendant are de novo.  The court is without authority to treat the case as an inquiry into the regularity of the proceedings before the magistrate and the record should disclose that the court has passed upon the facts established by the evidence and entered the judgment warranted by the conclusion reached. That part of section 4 of the Act of April 22, 1794, P. L. 179, which prescribes a form in which conviction in cases of this character may be stated, is merely directory, but the judgment should be in substantial conformity with the act and contain everything required thereby, though not stated in the precise form prescribed by the statute: Commonwealth v. Gipner, 118 Pa. 379. It is important to observe that the record does not really disclose any definite judgment of the court of quarter sessions; in order to find out what the appellant must do, if that judgment should be sustained, we must go to the record of the magistrate.  When an appellate court affirms the judgment of a court of record, the usual and ordinary course is to remit the record to the court below for purposes of execution, but that, of course, cannot be done when the appeal is from the judgment of the magistrate to the court of quarter sessions.  We are of opinion that the appellant was entitled to the distinct and unequivocal judgment of the court below upon the facts and the law applicable to those facts, and the order entered by the court below is not such a judgment as the law contemplates.  The record must, therefore, be remitted for further proceedings.

The judgment is reversed and the record is remitted to the court below with direction to hear the case and to enter such judgment as the law and evidence require.