# Commonwealth *v.* Oliver, Appellant.

*Summary conviction—Justice of the peace—Appeals to quarter sessions—Judgment of court on appeal—Operating automobile at excessive speed.*

On an appeal from a summary conviction for violation of a city ordinance regulating the speed of motor cars, the defendant is entitled to the distinct and unequivocal judgment of the court below upon the facts, and the law applicable to those facts, and an order which merely dismissed the appeal and affirmed the judgment of the magistrate, will be reversed, and the record remitted to the court below, in order that the case may be heard and judgment entered, as the law and the evidence require.

Argued October 13, 1921.  Appeal, No. 18, March T., 1922, by defendant, from judgment of Q. S. Lackawanna Co., May Sessions, 1921, No. 87, affirming judgment of Justice of the Peace in case of Commonwealth of Pennsylvania v. Alfred Oliver.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Reversed.

Appeal from summary conviction.  Before MAXEY, J.

The facts are stated in the opinion of the Superior Court.

The court below entered the following decree: And now, to wit, May 10, 1921, the appeal is dismissed and the judgment is affirmed.  Defendant appealed.

*Error assigned* was the decree of the court.

*Paul Freeman,* and with him *Gomer W. Morgan* and *J. Hayden Oliver,* for appellant.

*Joseph Jenkins,* Assistant District Attorney, and with him *Harold A. Scragg,* District Attorney, for appellee.

OPINION BY HEAD, J., November 21, 1921:

On a Sunday the appellant was arrested on view by a police officer of the City of Scranton charged with the violation of an ordinance of that city regulating the speed of motor cars.  He was taken before a magistrate and on the same day, Sunday, was given a hearing, was summarily convicted by the magistrate of the offense with which he was charged and sentenced to pay a fine of fifteen dollars or undergo an imprisonment for a period of five days.  To avoid the imprisonment the fine was paid under protest.  Appellant then filed his petition in the court of quarter sessions of the county setting forth the facts and praying said court to allow him an appeal which, under the Constitution and our statute, he was entitled to have only upon an allowance by

such court.   Upon that petition the court made an order allowing the appeal as prayed for.

The record discloses nothing as to what followed in the court of quarter sessions except that the learned judge thereof filed an opinion which concludes with this order or decree: "Now, to wit, May 10, 1921, the appeal is dismissed and the judgment is affirmed by the court."

In Commonwealth v. Congdon, 74 Pa. Superior Ct. 286, a record precisely similar to this, came before this court for its consideration.   It was determined for the reasons very clearly set forth in the opinion in that case that there was nothing before this court upon which we could enter any proper judgment.   There was no final disposition of the appeal in the court below in the manner required by the laws of Pennsylvania.   We must, therefore, make the same order in this case as was made in that one.

The judgment is reversed and the record is remitted to the court below with direction to hear the case and to enter such judgment as the law and evidence require.