# Commonwealth *v.* Brann, Appellant.

*Summary conviction—Slaughter house—Within borough limits*
*—Justice of the peace—Appeals to quarter sessions.*

On appeal from a summary conviction for maintaining a slaughter house within the limits of the borough, in violation of a borough ordinance, the defendant is entitled to a distinct and unequivocal judgment of the court below upon the facts and the law applicable to those facts, and it was the duty of the court upon the allowance of the appeal, to try the case de novo, to hear the evidence and arguments of counsel, to find the facts and thereupon to enter such judgment as would be warranted under the law and the evidence.

When the appeal has been allowed, the charge or cause of action remains the same, but the proceedings to determine the guilt or innocence of the defendant are de novo. The court is without authority to treat the case as an inquiry into the regularity of the proceedings before the magistrate, and the record should disclose that the court has passed upon the facts established by the evidence, and entered the judgment warranted by the conclusion reached.

Argued November 21, 1921.    Appeal, No. 101, Oct. T., 1921, by defendant, from judgment of Q. S. Bradford Co., Sept. T., 1920, No. 83, confirming judgment of a magistrate in the case of Commonwealth of Pennsylvania v. John F. Brann.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.    Reversed.

Appeal from summary conviction.    Before MAXWELL, P. J.

The facts are stated in the opinion of the Superior Court.

The court below entered the following decree:

And now, to wit: March 5, 1921, rule to quash the appeal is made absolute, and the appeal filed in this case, is hereby dismissed, and the proceedings of the justice

of the peace, are hereby confirmed, at the costs of the defendant.

Defendant appealed.

*Error assigned* was the decree of the court.

*Lee Brooks,* and with him *J. W. Stone,* for appellant.

*Rodney A. Mercur,* for appellee.

OPINION BY HEAD, J., March 3, 1922:

Upon an information being duly lodged before a magistrate, charging the appellant with a violation of the provisions of a borough ordinance, he was arrested. A hearing before the magistrate followed and after much testimony had been taken, the appellant was summarily convicted of the offense with which he was charged, the ordinance having provided for such conviction. He was sentenced to pay a fine of twenty-five dollars and the costs of prosecution and, in default of such payment, to undergo an imprisonment in the county jail. On the day following the conviction and sentence, he filed in the court of quarter sessions, a petition praying for the allowance of an appeal from the judgment of the magistrate to the court of quarter sessions, as provided by the Constitution and the laws of the State of Pennsylvania. The petition, upon its face, disclosed a number of important questions of law and fact which the defendant desired to have tried and determined by the court of quarter sessions. The court, being of opinion that cause for the allowance of an appeal had been shown, made the order allowing the appeal, and the same was then filed in the said court of quarter sessions. The situation that resulted from the allowance and filing of the appeal in the court of quarter sessions, is thus stated in Com. v. Congdon, 74 Pa. Superior Ct. 286: "When the appeal has been allowed the charge or cause of action remains the same, but the proceedings to de-

termine the guilt or innocence of the defendant are de novo. The court is without authority to treat the case as an inquiry into the regularity of the proceedings before the magistrate and the record should disclose that the court has passed upon the facts established by the evidence and entered the judgment warranted by the conclusion reached." This is a plain statement of the procedure that follows an allowed appeal from a summary conviction to the court of quarter sessions, and marks the difference between it and what would obtain had a writ of certiorari been issued out of the court of common pleas. It is apparent enough to us, from an examination of the record, that the appeal was not inadvertently allowed. No jurisdictional question is involved and, as already stated, the petition for the appeal presented questions for the determination of the court that might well move the court to make the order prayed for. There was no allegation that the order had been obtained by any fraud or misrepresentation. The appeal was, therefore, properly lodged in the court of quarter sessions and could be disposed of only in the manner contemplated by the constitutional provision on the subject and the Act of 1876 passed in pursuance of that provision. This procedure has been twice recently declared by this court: Com. v. Congdon, supra; Com. v. Oliver, 77 Id. 580. There is no room for a disposition of the case under such circumstances by the filing of exceptions to the petition praying for an appeal, which exceptions disclose no jurisdictional question, but simply invite an immediate determination by the court of the questions of law involved, assuming the facts to have been determined by the magistrate. As a consequence of the mistaken view of the learned court below, we have the order "the appeal filed in this case is hereby dismissed and the proceedings of the justice of the peace are hereby confirmed at the costs of the defendant." It was just such an order as was made by the respective trial courts in the two cases

above cited which this court determined could not stand. It was not the function of the court to affirm or reverse the judgment of the magistrate. It was the duty of the court to try the case de novo, to hear the evidence and the arguments of counsel, to find the facts and thereupon to enter such judgment as would be warranted under the law and the evidence. We must, accordingly, enter the same judgment as we have heretofore entered in the cases cited.

The judgment is reversed and the record is remitted to the court below, with direction to hear the case and to enter such judgment as the law and the evidence require.