From C. M. Clement, Sunbury, Pa.

---

## Commonwealth v. Zurn.

*Practice, Q. S.—Summary conviction—Appeals—Cruelty to animals—Fine not over $10—Allocatur—Acts of March 29, 1869, and April 17, 1876.*

1. A defendant who has been arrested upon a charge of cruelty to animals under the Act of March 29, 1869, P. L. 22, and, after hearing before a justice of the peace, found guilty and sentenced to pay a fine of $10 and costs, or in default thereof to undergo imprisonment, is not entitled to appeal to Quarter Sessions without an *allocatur*, as provided by the Act of April 17, 1876, P. L. 29.

2. The Act of March 29, 1869, P. L. 22, does not provide for an appeal except where the fine imposed exceeds $10.

Rule to strike off appeal. Q. S. Bradford Co., Feb. Sess., 1925, No. 28.

*David J. Fanning*, District Attorney, and *W. M. Rosenfield*, for rule.

*Charles M. Culver*, for defendant.

BARBER, P. J., 56th judicial district, specially presiding, June 11, 1925.— Defendant was arrested upon the charge of cruelty to animals under the Act of March 29, 1869, P. L. 22, and brought before a justice of the peace, who, after hearing, found defendant guilty and imposed a fine of $10 and costs, or in default to be committed to the county jail. From this sentence defendant same day appealed to the Court of Quarter Sessions of Bradford County and gave bail for his appearance, whereupon the district attorney obtained a rule to show cause why the appeal should not be stricken from the record for want of an allowance by the court, as required by the Act of April 17, 1876, P. L. 29, and because the Act of 1869 does not provide for an appeal except when the fine imposed exceeds $10. No answer to the rule appears in the files handed us, and we are obliged to turn to a well-prepared brief for appellant's reply.

No petition asking for leave to appeal was presented, defendant contending this proceeding before the justice is not the summary conviction contemplated

by the constitutional provision and the Act of 1876 passed to carry it into effect, that appeals from such summary convictions "all mean a record to be reviewed and passed upon by the court without proceeding *de novo.*"

Prior to the adoption of our present Constitution, the defendant in a summary conviction proceeding, unless expressly given an appeal by the act under which the proceedings were instituted, could only have the proceedings reviewed in the Court of Common Pleas by a writ of *certiorari.* The Constitution enlarged the right of appeal in summary convictions, and the Act of 1876 vests in the Court of Quarter Sessions the discretion to allow such appeals. When the appeal has been allowed, the proceedings to determine the guilt or innocence of the defendant are *de novo:* Com. *v.* Congdon, 74 Pa. Superior Ct. 286, 288; Com. *v.* Oliver, 77 Pa. Superior Ct. 580; McKeesport *v.* Dunn, 83 Pa. Superior Ct. 194; Manorville *v.* Flenner, 84 Pa. Superior Ct. 246. In these cases the records are "remitted to the court below with direction to hear the case and enter such judgment as the law and evidence require."

All that is said in Com. *v.* Managers of House of Correction, 10 Dist. R. 371, as to what the record in a case of summary conviction should contain is not questioned, but the above cited cases all clearly point out the court has a much larger duty than to review the record upon such appeals.

"The court is without authority to treat the case as an inquiry into the regularity of the proceedings before the magistrate, and the record should disclose that the court has passed upon the facts established by the evidence and entered the judgment warranted by the conclusion reached:" Manorville *v.* Flenner, 84 Pa. Superior Ct. 246.

Is this proceeding a case of summary conviction? It is not necessary to repeat what is said by the court in Allen *v.* Com., 77 Pa. Superior Ct. 244, when the constitutionality of the Act of March 29, 1869, P. L. 22, was passed upon by the court, in relation to the offence being new, not indictable at common law, and the authority of the legislature to determine the mode in which the guilt or innocence of one charged should be determined. In this case a fine of $10 and costs was imposed, and the lower court held defendant entitled to a trial by jury, which could only be obtained by an appeal, as claimed in the instant case. The Superior Court reversed the lower court and affirmed the sentence of the magistrate, saying (page 247): "If we keep before us all of the language used by the legislature in section 1 of the statute, there is left but little room for doubt that the actual legislative intent was to create a petty offence to be tried before a subordinate magistrate, the punishment for which should be a slight fine without imprisonment."

In his dissenting opinion, Judge Keller, after referring to the effect of the use of the word "misdemeanor," says (page 251): "The provisions following which are construed to convert the proceeding into a summary one are, in my opinion, repugnant to our present Constitution and of no effect. Appeals from summary convictions can only be taken upon allowance of the appellate court upon cause shown (Constitution, art. v, § 14), and when so allowed they are tried by the Court of Quarter Sessions without a jury . . . (page 252). In my opinion, an offence cannot lawfully be changed from a summary conviction, with a maximum fine of $20, to an indictable offence, punishable by fine and imprisonment, at the whim or caprice of an alderman or magistrate. The law must fix it as one or the other, and the accused has a right to know definitely which it is." This clearly indicates Judge Keller's understanding of the proceeding under the act to be in the nature of a summary conviction, and the very ground of his dissent is that the court deprived the

appellant of his right under the Constitution and the Act of 1869 to be tried by a jury.

The 1st section of the Act of 1869 distinctly authorizes the justice to impose a fine of "not less than ten dollars nor more than twenty dollars," while the proviso just as clearly allows an appeal only "when the fine imposed exceeds the sum of ten dollars." To allow an appeal when the fine is $10 or less would violate the plain words of the act, and in Allen v. Com., 77 Pa. Superior Ct. 244, the court has said the legislature, in creating this new offence, may grant or withhold the right of appeal. The Act of June 1, 1883, P. L. 56, amending the 5th section of the Act of 1869, in no way affects the proceedings or right of appeal provided in the previous sections. If it did without citing them, it would be unconstitutional. The proviso added to the 5th section merely gives the persons arrested by the several officers named the right of appeal allowed by former sections. The right is not extended nor are the proceedings changed.

And now, June 1, 1925, the rule granted Jan. 26, 1925, in the above stated case is made absolute, the appeal stricken from the records, the judgment of the justice affirmed and defendant directed to pay the fine or serve the sentence imposed.                                                   From Rodney A. Mercur, Towanda, Pa.