Commonwealth of Pennsylvania, Appellant, *v.* Benson et al.

Argued April 23, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, GAW-THROP and CUNNINGHAM, JJ.

*John Robert Jones,* and with him *William H. Pratt,* for appellant.

*Thomas J. Baldrige,* Attorney General, for the Commonwealth, intervener.

*John M. Freeman,* and with him *Albert C. Hirsch, C. F. C. Arensberg* and *William H. Eckert,* for appellees, cited: Duquesne City v. Fincke, 269 Pa. 115; Commonwealth v. Long, 276 Pa. 154; Commonwealth v. Preston, 92 Pa. Superior Ct. 159; Slattery v. Hendershot, 72 Pa. Superior Ct. 240; Commonwealth v. Capp, 48 Pa. 53; Commonwealth v. Newcomet, 18 Pa. Superior Ct. 508.

OPINION BY KELLER, J., July 12, 1928:

Complaint was made by Edgar R. Ray before an alderman of the City of Pittsburgh charging the defendants with performing worldly business, not a work of necessity or charity, and practicing an unlawful diversion, on Sunday, April 24, 1927, in violation of the Act of April 22, 1794, 3 Sm. L. 177 and its supplement of April 26, 1855, P. L. 321. At the hearing before the alderman held pursuant thereto they were found guilty and fined in accordance with the Act of 1855, supra.

An appeal was taken, by special allowance, to the County Court of Allegheny County and after a full hearing de novo, the County Court adjudged that "the

judgment of the alderman is not sustained and the defendants are discharged''; a voluminous opinion and concurring opinion being filed in support of said judgment.

William H. Pratt, attorney for the prosecutor, thereupon took an appeal to this court, without special allowance, and in the name of the Commonwealth. He had no right to do either. It was held in Com. v. Long, 276 Pa. 154, that an appeal from the judgment of the County Court, reversing a summary conviction before an alderman, will not lie to the Supreme Court without special allowance; and the Act of March 2, 1923, P. L. 3, giving this court, instead of the Supreme Court, jurisdiction of such appeals did not change the rule. Nor did his appearance as attorney for the prosecutor give him any warrant or authority to appeal on behalf of the Commonwealth. While the prosecutor has an interest in the fine imposed (Sec. 12) he does not represent the Commonwealth and cannot appeal in its name and on its behalf. No one can appeal on behalf of the Commonwealth but the Attorney General or the District Attorney. As, however, since the argument we have allowed the Attorney General to intervene in the appeal, we shall not quash the appeal on the above grounds, as we might have otherwise done.

The first question that presents itself is whether the judgment of the County Court is a final one and in such form that an appeal from it will lie.

The practice relating to (1) appeals from summary convictions, and (2) their review on certiorari is well settled. If it is desired to attack only the regularity of the proceedings before the justice or alderman, this is done by a writ of certiorari to the Court of *Common Pleas,* and the assignment of the alleged errors relied on; in which event the judgment of the inferior magistrate is sustained or set aside, depending on whether the proceedings objected to are found to be legal and

regular or not, and whether they sustain the conviction or not. But if an appeal is asked for, this is directed to the Court of *Quarter Sessions* and, if allowed, the case is heard de novo before a judge of that court. In such case, the Court of Quarter Sessions does not sustain or reverse the judgment of the inferior magistrate—it does not review such judgment or the matters alleged as ground for appeal—it finds the defendant either guilty or not guilty—it either convicts or acquits him. The act creating the County Court of Allegheny County and giving it supervisory jurisdiction over courts not of record in that county, makes no other change in the general practice. The judgment on writs of *certiorari* from a summary conviction before an alderman or justice of the peace is to (1) sustain or (2) set aside the judgment; on *appeals* from such conviction the judgment is (1) guilty or (2) not guilty; (1) conviction or (2) acquittal. It has been our practice, if the judgment of the Court of Quarter Sessions is not in substantial accord-. ance with this well settled practice, to send the record back that a proper judgment in accordance with said practice may be entered: Com. v. Congdon, 74 Pa. Superior Ct. 286. We do not hold that any set form of judgment must be used: Com. v. Gipner, 118 Pa. 379; but the record must show a hearing by the court to which the appeal is taken and a definitive judgment by that court upon the facts and the law applicable to those facts, and not a mere review of the proceedings before the magistrate. Does the judgment in this case meet this requirement?

Had the judgment of the County Court been merely, "the judgment of the alderman is not sustained," it would not have been sufficient, and we would have been obliged to return the record to the court below for a judgment of conviction or acquittal: Com. v. Congdon, supra; but here we have, in addition, the judgment, "the defendants are discharged."

Webster defines "discharge," inter alia, as follows: "To relieve, as of a debt, responsibility, accusation, etc., absolve, clear," and defines "acquit" as "to set free, release or discharge (from an obligation, burden or accusation)."

The Century Dictionary defines "discharge" as "To set free, dismiss, absolve, release from accusation," and defines "acquit" as "To release or discharge, as from an obligation, accusation, etc. "Discharge" is given as a synonym of "acquit."

A majority of this court are of opinion that the judgment of the court below, considered in connection with the opinions discussing the evidence, shows a clear intent to find the defendants innocent of a violation of the Act of 1794 and to discharge them because of that finding, and that it amounts to a "distinct and unequivocal judgment upon the facts and the law applicable to those facts" (Com. v. Congdon, supra), equivalent to a judgment of acquittal.

The next question that confronts us is, may the Commonwealth appeal from a judgment of acquittal, or not guilty, entered by the Court of Quarter Sessions, (or in Allegheny County, by the County Court), following an appeal to that court from a summary conviction before an alderman or justice of the peace? We have recently answered that very question in the negative, in the case of Com. v. Preston, 92 Pa. Superior Ct. 159, where the subject is very fully and lucidly considered by the President Judge in a per curiam opinion; and therefore need not be discussed here at length. The earnestness of counsel for appellant, however, leads us to refer to certain cases relied upon by him as authority for a different ruling in this case.

Thompson v. Preston, 5 Pa. Superior Ct. 159, was an appeal in the nature of a certiorari from the refusal of the Court of Common Pleas of Washington County to allow an appeal from the judgment of a justice of

the peace in a suit for a penalty. This court in such appeals does not review the case on its merits but only decides whether there was an abuse of discretion by the court below in refusing to allow the appeal on the grounds set forth in the petition: Com. v. Climenti, 89 Pa. Superior Ct. 195, 197; Com. v. Yocum, 29 Pa. Superior Ct. 428.

In Com. v. Immel, 33 Pa. Superior Ct. 388, the Commonwealth appealed from the order of the Court of Quarter Sessions quashing the proceedings before a justice of the peace, overruling the sentence and discharging the defendant. No trial or hearing was had on the merits in the Quarter Sessions. The effect of the judgment was equivalent to an order quashing an indictment, or arresting a judgment after a trial and conviction, in both of which cases, as was pointed out in Com. v. Preston, supra, (p. 162) the Commonwealth may appeal without special allowance. See also Com. v. Wallace, 114 Pa. 405; Com. v. Moore, 99 Pa. 570; Com. v. Capp, 48 Pa. 53. The case was reversed and the record remitted to the Quarter Sessions for a hearing.

In Com. v. McComb, 39 Pa. Superior Ct. 411, the defendant had been discharged by the Court of Quarter Sessions because it held the Act of May 31, 1907, P. L. 329, under which the conviction had been obtained, to be unconstitutional. This was equivalent to an arrest of judgment and was therefore appealable by the Commonwealth.

In Com. v. Hazen, 20 Pa. Superior Ct. 487, the judgment of the justice of the peace was quashed in the Quarter Sessions on the ground that the statute involved (Act of March 23, 1871, P. L. 441) was unconstitutional. This likewise amounted to an order arresting judgment and was therefore appealable by the Commonwealth. The case was returned to the Quarter Sessions for a judgment on the merits.

In Com. v. Kenney, 32 Pa. Superior Ct. 544, the Commonwealth had appealed to the Court of Quarter Sessions from the judgment of a justice of the peace discharging the defendants from arrest for violation of the Fish Law of May 29, 1901, P. L. 302. The court dismissed the appeal on the ground that the title of the act was not broad enough to include suckers, which defendants had caught by an unlawful device, because they were not defined in the act as either game fish or food fish. This action of the court of quarter sessions was equivalent to an order quashing the indictment and hence was appealable by the Commonwealth. The case was returned to the Quarter Sessions for a hearing and judgment on the merits.

In Com. v. Burkhart, 23 Pa. 521, and Com. v. Borden, 61 Pa. 272, the judgment of the justice of the peace was reviewed in the Court of *Common Pleas* by *certiorari* and the Supreme Court only passed on the regularity of the proceedings before the justice.

Of the cases cited by the appellee, where appeals were taken by the Commonwealth in criminal cases and were passed upon by the Supreme Court, Com. v. McKisson, 8 S. & R. 420, and Com. v. Church, 1 Pa. 105, were cases where the indictments had been quashed in the court below, and in Com. v. Taylor, 5 Binney 277, the judgment had been arrested, and hence all three were within the rule above stated.

Of the cases cited by the Attorney General in his supplemental brief, Com. v. Butler, 19 Pa. Superior Ct. 626, was not a criminal case at all, but an appeal from a discharge from the Marine Corps under a writ of habeas corpus; and in Com. v. Curry, 4 Pa. Superior Ct. 356, the court below arrested the judgment after a verdict of guilty, and of course the Commonwealth had the right to appeal.

Our attention has been directed to no case in this court, or in the Supreme Court, where an appeal by the Commonwealth from a judgment of acquittal, or

not guilty, in the Quarter Sessions entered after a hearing on the merits, following an appeal to that court from a summary conviction before a magistrate, has been considered and reviewed. We see no reason to depart in this case from our ruling in Com. v. Preston, supra. What we said there is just as applicable in the present case: "The correctness of the construction of the statute by the court below may involve an important question, but the more important the question the stronger the reason for withholding an expression of an opinion upon it until it arises in a real dispute, where the appellate court has jurisdiction of an appeal by a defendant alleging that he has been improperly convicted. When the question argued on this appeal arises upon the record of a case properly before us, it will deserve most careful and serious consideration. The defendant having been adjudged not guilty by the court which had jurisdiction to try him, we are without authority, in the circumstances here presented, to reverse that judgment and order a new trial."

The constitutionality of the Act of 1794 was not considered at the hearing before the County Court, and is not raised on this appeal. The rule that in reviewing the judgment of a magistrate on certiorari the court is restricted to the exceptions filed, does not apply to an appeal. The function of the petition for appeal is over when the appeal is allowed. We may add that the Sunday Act has been on the statute books for 134 years and has been considered, as to its constitutionality, as late as Com. v. American Base Ball Club, 290 Pa. 136. In that lapse of time all existing reasons for declaring it unconstitutional will be presumed to have been considered: Keator v. Lackawanna Co., 292 Pa. 269; Swatara Twp. School Dist's. App., 1 Pa. Superior Ct. 502.

The appeal is quashed.