Commonwealth, Appellant, *v.* Peacock.

Submitted April 8, 1935.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Robert M. Fortney,* District Attorney, and *Richard H. Klein,* Solicitor, for appellant, submitted a brief.

*Daniel R. Reese* and *Fred B. Moser,* for appellee, submitted a brief on the motion to quash.

OPINION BY KELLER, P. J., July 18, 1935:

This is an appeal by the Commonwealth from an order of the Court of Quarter Sessions of Northumberland County, "sustaining the appeal" by the defendant from a sentence imposed by a justice of the peace, following a summary conviction, and decreeing the refund to the defendant of the fine and costs paid by him. Defendant was charged with a violation of the provisions of the Vehicle Code of 1929, P. L. 905, and its amendment of 1931, P. L. 751, limiting the maximum gross weights of commercial motor vehicles operating on the highways of this Commonwealth.

The appellee has moved to quash the appeal on the grounds, (1) that the appeal was not taken by any party interested in the proceedings, or who could be affected by the decision of this court; (2) that the Commonwealth has no right of appeal from a judgment or order of a court of quarter sessions on an appeal from a summary conviction; (3) that the Commonwealth has no right of appeal in criminal prosecutions, except when an indictment is quashed, or a judgment arrested after verdict, or in cases of forcible entry and detainer, and nuisance; (4) that the decision of

the trial court on an appeal from a summary conviction is not reviewable by the Superior Court; (5) that the appeal is premature, because taken before the *opinion* of the court was filed.

The motion to quash is overruled. The appeal was taken by the District Attorney, on behalf of the Commonwealth, an interested party: Com. v. Sober, 15 Pa. Superior Ct. 520; Com. v. Benson, 94 Pa. Superior Ct. 10, 13. The Act of June 24, 1895, P. L. 212, creating this court, by section 7 (a),—as affected by the Act of May 19, 1897, P. L. 67, sec. 12—gives it jurisdiction of "All proceedings of any kind in the court of quarter sessions of the peace, or before any judge thereof, except cases involving the right to a public office." The order appealed from was entered in a proceeding before a judge of the court of quarter sessions, and is, therefore, within our jurisdiction. An appeal from an order or judgment of the court of quarter sessions, or a judge thereof, entered in an appeal, on allowance, from the judgment of a justice of the peace in summary conviction proceedings, is in the nature of a certiorari,—not a writ of error or appeal proper—(Thompson v. Preston, 5 Pa. Superior Ct. 154, 157; Com. v. Hendley, 7 Pa. Superior Ct. 356; Com. v. Climenti, 89 Pa. Superior Ct. 195) and brings up the record of the court below, including, since the Act of April 18, 1919, P. L. 72, the testimony taken in the court below for review for limited purposes. (Revocation of Mark's License, 115 Pa. Superior Ct. 256, 176 A. 254). Where on the trial of such appeal by a judge of the court of quarter sessions, following the allowance of an appeal from the judgment of the justice of the peace, there is a judgment of 'not guilty,' the Commonwealth has no right of appeal, and an appeal so taken will be quashed: Com. v. Preston, 92 Pa. Superior Ct. 159; Com. v. Benson, 94 Pa. Superior Ct. 10. But on the trial by a judge, without a jury (Com. v. Waldman, 140 Pa.

89, 21 A. 248) in the court of quarter sessions it is his duty "to try the case de novo, to hear the evidence and arguments of counsel, to find the facts and thereupon to enter such judgment as would be warranted by the law and the evidence": Com. v. Brann, 78 Pa. Superior Ct. 345. And the judgment following such a trial should be 'Guilty,' or 'Not guilty.' A judgment affirming the justice of the peace, dismissing the appeal, or sustaining the appeal is not sufficient, but will be reversed: Com. v. Brann, supra; Com. v. Congdon, 74 Pa. Superior Ct. 286; Com. v. Oliver, 77 Pa. Superior Ct. 580; Com. v. Benson, supra; Com. v. Sesso, 95 Pa. Superior Ct. 552; Manorville v. Flenner, 84 Pa. Superior Ct. 246. And the Commonwealth may appeal from an order quashing a summary conviction: Com. v. Immel, 33 Pa. Superior Ct. 388; Com. v. Preston, supra, p. 161. It is the duty of the judge or the court below, after allowing an appeal from the justice of the peace, to hear the evidence and from it determine the guilt or innocence of the defendant, and if he fails or refuses to do so, the judgment will be reversed: Com. v. Levine, 36 Pa. Superior Ct. 188. And on appeal from an order of the court of quarter sessions quashing a summary conviction before a justice of the peace, this court will reverse the judgment where there is sufficient in the transcript of the justice, the petition for appeal, the motion made to discharge and the terms of the order of the court, to convict the court below of error in law: Com. v. Hazen, 20 Pa. Superior Ct. 487 (reversed in the Supreme Court, 207 Pa. 52, 56 A. 263, on another point): Com. v. Immel, supra. The appeal was not premature. The order "sustaining the appeal" was entered on January 29, 1935. The appeal to this court was taken on March 9, 1935. That the court subsequently, on March 25, 1935, following notice of the appeal pursuant to our rule 58, filed a second opinion setting forth at more length its reasons for its action,

did not require a new appeal nor render the appeal already taken ineffective.

A review of the record in this case not only leads us to refuse the motion to quash but requires a reversal of the order on two grounds: (1) No trial was had in the court of quarter sessions, or before a judge thereof. No evidence was received. Nor was there any stipulation, as in Com. v. Bertolette, 101 Pa. Superior Ct. 334, that the case should be submitted to the court on the testimony taken before the justice of the peace. The motion of the district attorney to quash the appeal in the quarter sessions because it had not been taken within the five days, after conviction, allowed by law for such appeal, (Act of April 17, 1876, P. L. 29, as amended by Acts of April 22, 1905, P. L. 284; July 11, 1917, P. L. 771; and April 1, 1925, P. L. 98), did not have the effect of dispensing with a trial de novo before a judge of the court of quarter sessions or justify the latter's acting on the case without a hearing and the receiving of evidence: Com. v. Levine, supra. (2) The order was erroneous. After hearing the evidence it is the duty of the trial judge to find the defendant "guilty" or "not guilty." An order "sustaining the appeal" is irregular and will be reversed. If regarded as an order quashing the proceeding, or in arrest of judgment, it will likewise be reversed as error of law under the facts in the record.

As the case goes back, the view of the court below, as expressed in its second opinion,—which discusses as facts, matters not in the record—, requires some comment.

We are not concerned with the laws of the State of New York. It can fix such limit for the size and weight of automobiles using the roads in that State as it sees fit. But this State has the like privilege and power, and truck operators from other states using the roads of this Commonwealth must conform to our laws.

174

Section 903 of the Act of June 22, 1931, P. L. 751, amending the Vehicle Code of 1929, P. L. 905, has forbidden a commercial motor vehicle from operating on any highway in this Commonwealth with a gross weight exceeding that allowed for the class and weight of chassis to which it belongs. If it belongs to Class T, with a chassis weight of 3,000 pounds and over, but less than 4,000 pounds, the maximum gross weight allowed is 11,000 pounds. If it belongs to Class U, with a chassis weight of 4,000 pounds and over, but less than 5,000, the maximum gross weight is 13,000 pounds. It is apparently admitted that the gross weight of defendant's car was 14,310 pounds; so whether the truck operated by defendant belonged to class T or U, it was above the maximum weight permitted by our law and its operation was in violation of our statute. If class T, the overweight was 3,310 pounds. If class U, 1,310 pounds. It is true that section 904 of the Vehicle Code provides that no *arrests* shall be made in cases where the maximum gross weights provided in the act are not exceeded by more than ten per centum thereof; but this does not legalize the excess weight over the maximum allowed. It prevents an arrest for a violation which is not more than ten per cent above the maximum weight; but any weight above the ten per cent excess, however small, subjects the violator to arrest and conviction, for he has exceeded the limit which the State, as a matter of grace, allows before an arrest may be made. In other words, if defendant's truck was in class T, the excess weight above the maximum allowed by law was not 2,210 pounds, but 3,310 pounds; if it was in class U, the excess weight above the maximum allowed by law was not 10 pounds but 1,310 pounds, or over half a ton.

If the gross weight of the defendant's truck was 14,310 pounds then he was violating the law of this State, and subject to arrest and conviction in a sum-

mary proceeding for doing so, whether his truck was in class T or class U, and he should be convicted for such violation.

If the evidence clearly establishes the defendant's guilt, it is not a matter of concern to the court hearing the case, in determining the question of guilt, that the prosecutor may not have been actuated in making the complaint solely by a desire to enforce the law and protect the roads, but may also have had some less worthy motive. The court's stricture was not warranted in this case for the complaint was not made by a borough officer but by a state highway patrolman.

The order is reversed and the record is remitted to the court below with directions to hear the case de novo and enter such judgment as the law and the evidence require.