From W. G. Barker, Mercer.

## Summary Conviction Under Fish Law

MARGIOTTI, Attorney General, May 21, 1935. — We have your communication of recent date relative to J. H. Hall, Seneca, Pennsylvania, who arrested three men for snatching suckers. You state that when they were brought before the justice of the peace, they pled not guilty, waived a hearing, and appealed the case to court. You inquire as to this procedure.

I presume that the justice of the peace was confused with the provision of The Vehicle Code, which permits a waiver of hearing and appeal to court. There is no such provision in The Fish Law of May 2, 1925, P. L. 448, section 278 of which reads as follows:

"Sentence. Bail. Appeal. If convicted such person shall be sentenced to pay the fine provided in this act for such violation, together with the costs of suit. The person so convicted shall on failure to pay such fine be sentenced by such alderman, magistrate, or justice of the peace, to undergo imprisonment in the county jail of the county in which such conviction takes place . . . unless specifically otherwise provided by this act, or unless the person so convicted shall give notice of an intention to procure a writ of certiorari or appeal, in which case such person shall be permitted to enter into good and sufficient recognizance to appear before such justice, alderman, or magistrate on or before the expiration of five days, if such appeal or certiorari is not taken by them, or on the final determination of the same if it be not sustained, for execution of sentence."

A summary conviction before a magistrate can be reviewed only in one of two ways:

1. By a writ of certiorari to the common pleas court. This writ issues as of right, but in this proceeding only the record of the magistrate is brought up and reviewed. From an inspection of the record the regularity of the proceedings is passed upon and if the record is technically correct, the conviction is sustained. See Commonwealth v. Congdon, 74 Pa. Superior Ct. 286 (1920).

2. By an appeal, which, however, must be specially allowed by the judge of the court of quarter sessions.

The proceeding by which appeals are taken is regulated by the Act of April 17, 1876, P. L. 29, sec. 1, as finally amended by the Act of April 1, 1925, P. L. 98, sec. 1 (19 PS §1189). This statute, as amended, provides:

". . . in all cases of summary conviction in this Commonwealth, before a magistrate or court not of record, either party, even though any fine imposed has already been paid, may, within five days after such conviction, appeal to the court of quarter sessions of the county in which such magistrate shall reside or court not of record shall be held, *upon allowance of the said court of quarter sessions or any judge thereof, upon cause shown;* and either party may also appeal from the judgment of a magistrate or a court not of record, in a suit for a penalty, to the court of common pleas of the county in which said judgment shall be rendered, upon allowance of said court, or any judge thereof, upon cause shown: Provided, That pending the taking of an appeal by either party, or the allowance or refusal thereof by the court or judge, the fine, or penalty, and costs imposed by the magistrate, or court not of record, need not be paid if bail is entered with one or more sufficient sureties in double the amount of such fine, or penalty, and costs for the payment thereof, on the refusal of such appeal; or if allowed, on the final disposal of such appeal. If the defendant pays the fine or penalty and costs imposed and wishes to take an appeal under the provisions of this section he shall give bail in double the probable amount of costs that may accrue in the final disposition of the appeal." (Italics ours.)

While the allowance of an appeal is distinctly a matter of discretion on the part of the court of quarter sessions or the judge thereof, after the appeal is once allowed a hearing of the parties on the merits of the case follows. The appeal is not a mere certiorari reviewing the record of the justice of the peace, but is a hearing de novo with-

out a jury, and the court must render a distinct and unequivocal judgment upon the facts and the law applicable to the facts: Commonwealth v. Congdon, 74 Pa. Superior Ct. 286 (1920).

It follows, therefore, that the procedure of the justice of the peace in permitting the three men to waive a hearing and appeal was irregular. He should have refused to permit them to waive a hearing. He should have held a hearing and if they were not guilty, discharged them. If they were guilty, he should have imposed the fine. Then if they desired to enter bail to apply for an appeal in the quarter sessions court within 5 days, they had that privilege.

If the court allowed the appeal, as above indicated, there would have been a rehearing. If the court declined to allow the appeal, the execution of the magistrate's judgment of conviction would necessarily follow.

In case it may be thought that the language quoted from The Fish Law of May 2, 1925, P. L. 448, namely sec. 278, should be interpreted as allowing an appeal of right, I may say that it has been held that it is beyond the power of the legislature to change the mandate of the Constitution, because of section 14 of article v thereof, which provides:

"In all cases of summary conviction in this Commonwealth, or of judgment in suit for a penalty before a magistrate, or court not of record, either party may appeal to such court of record as may be prescribed by law, *upon allowance* of the appellate court or judge thereof upon cause shown." (Italics ours.)

Thus, the previous Act of April 22, 1905, P. L. 284, purporting to regulate appeals from summary convictions before a magistrate, was held unconstitutional and in violation of section 14, of article v, because it attempted to dispense with the constitutional requirement that an appeal from a summary conviction shall be only upon special allowance and upon cause shown. See Commonwealth v. Weiler et al., 31 Pa. C. C. 550, 15 Dist. R.

396; Commonwealth v. Light et al., 4 Just. L. R. 121; Commonwealth v. Luckey, 31 Pa. Superior Ct. 441.

It is a settled principle of construction that if a statute may be interpreted so as to avoid it being held unconstitutional, such interpretation should be adopted. Consequently, it is our opinion that the section of The Fish Law of 1925 quoted should be interpreted in conformity with the general practice governing appeals from summary convictions, namely, that they must only be on allowance.

Section 1204 of The Vehicle Code of May 1, 1929, P. L. 905, is not to be considered as a guide. That act expressly provides for a waiver of hearing, entry of bail, and an appeal. Such provision is constitutional because there is no conviction before the justice of the peace.

The Fish Law of 1925 contains no such provision. Consequently, the procedure of the justice of the peace was improper and irregular. There was no warrant in law for him to permit a waiver of hearing and an appeal. Your fish warden should be instructed to see the magistrate and have him bring back the offenders and proceed with hearing according to law.