Opinion by
 

 Kenworthey, J.,
 

 On September 26, 1939, defendants were caught in the act of cutting down trees on the property of Kathryn Q. McGuire. Informations were lodged against them, charging them with violations of the Act of May 4, 1927, P. L. 706,18 PS 3487, in that they wilfully and maliciously cut the trees. They were tried before an alderman, who found them guilty. After hearing de novo by the court of quarter sessions, on appeal,
 
 (Commonwealth v. Brann,
 
 78 Pa. Superior Ct. 345;
 
 Commonwealth v. Peacock,
 
 118 Pa. Superior Ct. 168, 179 A. 907), the convictions were sustained and defendants were sentenced to pay a fine of $25 per tree for one hundred trees, or a total of $2500 and costs, in default of which they were to serve 2500 days in jail. Defendants have appealed.
 
 [1]
 

 The Act of 1927 was repealed as of September 1,1939, the effective date of the Penal Code.
 
 [2]
 
 To sustain the convictions, therefore, there must be evidence that one hundred trees were cut between September 26, 1937 and September 1, 1939. The trees cut after September 1, 1939 cannot be counted; trees cut more than two years prior to the filing of the information on September 26, 1939 cannot be included, for the Statute of Limitations would bar any convictions as to them.
 

 Except for defendants’ admission that two or three of the trees were cut more than a year before the hear
 
 *541
 
 ing, there is no definite evidence how many were cut between the dates in question. One of the Commonwealth’s witnesses testified that he counted “three hundred and fifty stumps, fresh cut, and these stumps were there and bore evidence of being cut in the very recent months.” Most or all of these may have been cut subsequent to September 1, 1939. He said, “Some of them were so fresh that the weather or rain hadn’t even soiled the cuts.”
 

 The Act of 1927 was highly penal in its provisions. It prescribed that, upon conviction in a summary proceeding, a fine of $25 should be imposed for each tree or shrub, or part thereof, cut down, injured, destroyed or removed; and in default of said fine and costs, the defendant should be imprisoned in the county jail for one day for each dollar of the fine and costs unpaid. In the present ease, if the conviction stands, it will amount to seven years in prison. Being thus highly penal, it is absolutely essential that the evidence should definitely fix the number of trees. The trial judge estimated this number at one hundred, but there was no evidence to support the estimate. A man cannot be deprived of his liberty, under this statute, on mere estimates.
 

 Any judgment in excess of a penalty for cutting three trees — $75 or seventy-five days in jail — is without definite support from the evidence. The sentence should be modified accordingly.
 

 It is, therefore, ordered that the defendants pay the costs of prosecution, including the costs on appeal, and that each defendant pay a fine of $75, and in default of the payment of said fine and costs, shall be iniprisoned in the county jail one day for each dollar unpaid, and that they appear in the court below at such time as the said court shall fix and be committed by that court until they have complied with the above sentences or any part of them which had not been performed at the time the appeals were made a supersedeas.
 

 [1]
 

 The Assistant District Attorney, at oral argument, agreed that the one might be treated as two appeals and also withdrew the motion to quash.
 

 [2]
 

 Act of June 24, 1939, P. L. 872 et seq., Repealing Clause Sec. 1201, 18 PS 5201, Effective Date, Sec. 102, 18 PS 4102. The Penal Code contains the usual saving clause, reserving the right of prosecution for offenses committed before the effective date. Sec. 104, 18 PS 4104.