## Commonwealth v. Bertz

*Alfred C. Alspach*, District Attorney, for Commonmonwealth.

*Louis S. May*, for defendant.

JOHNSTONE, J., February 1, 1963.—A writ of certiorari was issued pursuant to defendant's petition, directed to the justice of the peace before whom defendant was prosecuted on a charge of disorderly conduct. The record of the justice has been certified to this court and defendant has filed exceptions to the record.

Writs of certiorari out of the common pleas court are authorized by article V, section 10, of the Constitution and the practice relating to review by certiorari is well settled. "If it is desired to attack only the regularity of the proceedings before the justice or alderman, this is done by a writ of certiorari to the Court of

Common Pleas, and the assignment of the alleged errors relied on; in which event the judgment of the inferior magistrate is sustained or set aside, depending on whether the proceedings objected to are found to be legal and regular or not, and whether they sustain the conviction or not": Commonwealth v. Benson, 94 Pa. Superior Ct. 10, 13.

The complaint filed against defendant charges him with the offense of disorderly conduct in the language of the Penal Code of June 24, 1939, P. L. 872, sec. 406, 18 PS §4406, but it does not specifically refer to the section of the criminal code violated. Defendant argues that this is a fatal defect and he is supported in that position by the cases cited in his brief. The cases of Commonwealth v. Wagner, 16 D. & C. 2d 162, Commonwealth v. Lewis, 10 D. & C. 459, and Gorman v. Stewart, 21 Dist. R. 1138, all hold that in order to be full, complete and regular the record of a justice of the peace in a summary case must, inter alia, include a reference to the act of assembly violated. No such reference appears in this record.

Defendant was found guilty of the charge of disorderly conduct and was directed to pay the costs and the damages to the policemen's uniforms. The act provides that upon conviction defendant shall be sentenced to pay the costs of prosecution and to pay a fine not exceeding $10, and in default of the payment thereof, shall be imprisoned for a period not exceeding 30 days. The sentence imposed by the justice is clearly not in accordance with the authority granted by the act and we have searched in vain for authority for the justice to impose the sentence which he imposed. In Commonwealth v. Kepics, 70 D. & C. 456, a sentence of $25 on a charge of disorderly conduct was declared invalid since the maximum fine allowed by law is $10. In Commonwealth v. Ziemba, 30 D. & C. 32, a sentence to an alternative term of imprisonment in excess of

that provided in the act was held to have vitiated the sentence. We conclude that an alderman or justice is limited to the imposition of a sentence strictly within the provisions of the act under which defendant is charged. Since the sentence in this case is at variance with the provisions of the act, it must be set aside.

We have examined the transcript of the justice's record carefully and learn from a recital of the testimony that a scuffle ensued between defendant and two policemen when an attempt was made to learn whether defendant was a curfew violator and that a large crowd gathered. Nowhere does it appear that defendant was loud, boisterous or created unseemly noises, or that anyone was disturbed by defendant's actions. We have little doubt that defendant was guilty of disorderly conduct but the record does not disclose facts which would justify such a conviction.

And now, February 1, 1963, for the reasons stated herein, the exceptions filed by defendant to the record of the justice of the peace are sustained and his conviction of the offense of disorderly conduct is set aside.