## Commonwealth v. Wagner

[redacted]

*J. Manley Robbins,* district attorney, for Commonwealth.
*Ralph R. Belford,* for defendant.

EVANS, P. J., June 7, 1934.—This is an appeal from a summary conviction of the defendant before a justice of the peace for wilfully and maliciously entering on land of the Hilkerts in Liberty Township, this county, and cutting 39 white pine trees without their consent, in violation of section 2 of the Act of May 4, 1927, P. L. 706, which provides:

"If any person shall wilfully or maliciously cut bark from, or cut down, injure, destroy, or remove a tree or trees, shrub or shrubs, or parts thereof, growing or standing upon the land of another, without the consent of the owner . . . such person on conviction thereof in a summary proceeding before any magistrate, alderman, or justice of the peace, shall be sentenced to pay a fine of not less than twenty-five ($25.00) dollars and costs of prosecution for each such tree or shrub or part thereof cut down, injured, destroyed, removed, or from which bark has been cut; and in default of the payment of said fine and costs shall be imprisoned in the county jail one day for each dollar of fine and costs unpaid."

Information was lodged before the justice of the peace July 27, 1933. On the same day a warrant issued. The parties and their counsel appeared before the justice of the peace on November 8, 1933, and, after hearing had, the defendant was summarily convicted of wilfully and maliciously cutting 39 white pine trees on the Hilkert land, in Liberty Township, this county, without the owner's consent. The transcript reads:

"After hearing testimony and proofs, it is found as fact that H. R. Wagner did wilfully and maliciously cut down 39 white pine trees on the land of D. Edward Hilkert in Liberty Township, Montour County, Pa., and is adjudged to forfeit the sum of $25 for each tree so cut down, $975 in all.

"December 5, 1933, judgment is publicly declared against H. R. Wagner in the sum of $975 in favor of D. Edward Hilkert and the County of Montour, one half to each, together with costs of proceedings."

Three days later, on December 8, 1933, the defendant presented his petition to the court of quarter sessions, praying for the allowance of an appeal from the judgment of the justice of the peace to said court, for cause shown. An appeal was accordingly allowed: Commonwealth v. Brann, 78 Pa. Superior Ct. 345.

The case came on for hearing de novo before the court on May 4, 1934. From the testimony taken and the argument of counsel, we find the following facts:

1. The defendant, H. R. Wagner, in 1933 was a lumberman. On March 29,

1933, he bought the standing timber on a 2½-acre tract and also some pine trees on another patch near the main road, in Liberty Township, this county, from the Hilkerts, with the right to cut and remove the same.

2. The agreement reads as follows:

"Mar 29, 1933.

"Bought of Mr. J. Hilkert and Son Ed Hilkert tract of timber locate on North East corner of farm containing about 2½ acres also some pine on another patch near the main road for the sum of 50 payment to be made $20 down and $30 on the 20th of the follow April one year time to take off timber. in case of strick a mine would require longer time also have the right to haul timber out through lane.

"JAMES HILKERT
D. EDWARD HILKERT
H. R. WAGNER."

3. The defendant entered on the 2½-acre tract and the patch of pine timber near the main road on the Hilkert farm in Liberty Township, this county, during the year 1933, and cut and removed therefrom the standing timber, including the 39 white pine trees which are the subject of this controversy.

4. The defendant testified that he cut and removed the white pine trees from the Hilkert land in good faith, believing at the time that, under the terms of his contract with the Hilkerts, he had the right to cut and remove the same.

### Discussion

If the white pine trees cut and removed by the defendant stood on the 2½-acre tract or in the patch of pine timber near the main road on the Hilkert farm, clearly he had the right to cut and remove the same. On the other hand, if the white pine trees cut and removed by him were not standing on the 2½-acre tract or in the patch of pine timber near the main road on the Hilkert farm, in Liberty Township, the defendant had no right to cut and remove the same. This presents a substantial dispute between the parties. If the Hilkerts' claim is correct, the defendant had no right to cut and remove the trees. If the defendant's claim is correct, he had the right to cut and remove them.

In O'Reilly et al. v. Shadle et al., 33 Pa. 489, 491, the court said:

"No man should strip the timber from land unless he has a title to it, or a well-grounded and conscientious belief that he has; in which case, a court and jury would not be likely to allow vindicatory or *punitive* damages. If there be doubt about the title, or it be in dispute, the party should take pains to test it by law, and abstain as much as possible, in the mean time, from any such irreparable injury."

The question whether the white pine trees were cut and removed under a bona fide claim of right is a question of fact for a jury: Commonwealth v. Cornell et al., 4 Luz. L. R. 81; Commonwealth v. Quiggle, 19 Pa. Superior Ct. 343.

In the latter case, the court said (p. 347):

"The guilt of the defendant was not, however, dependent upon his legal rights but upon his honest and reasonable belief as to the location of the land described in his written agreement."

The information charges that the defendant did wilfully and maliciously cut down a number of trees standing on the land of D. Edward Hilkert in Liberty Township, this county, without the owner's consent.

In prosecutions for malicious mischief, malicious intent toward the owner, real or constructive, of the property injured must always be proven. A person

cannot be successfully charged with the commission of malicious michief where he shows that the title to the property injured was in himself or shows a belief, although mistaken, that the property was his own: Commonwealth v. Shaffer, 32 Pa. Superior Ct. 375.

In the light of the testimony taken at the hearing de novo, we believe the disputed question of fact as to where the white pine trees stood that were cut by the defendant was erroneously determined by the justice of the peace, and that the defendant was erroneously convicted of wilfully and maliciously cutting the pine trees. If the Hilkerts choose, they have the right to have this disputed question of fact determined by a jury in an appropriate action.

And now, June 7, 1934, after due consideration, the defendant's appeal is sustained, and the judgment and conviction of the justice of the peace are set aside and reversed. From L. G. Rarig, Danville, Pa.