## Commonwealth v. Kampas Brothers

Before Sweet, P. J., McCune and Curran, JJ.

*Moschetta & Moschetta,* for Commonwealth.

*Stephen D. Marriner* and *Peacock, Keller & Yohe,* for defendant.

McCUNE, J., February 14, 1964. — This case comes before the court on an appeal from the action of a justice of the peace, who on or about January 3, 1964, found defendant, Walter G. Kampas, a trucker, trading as Kampas Brothers, guilty of violating section 1311 of article XIII of the Act of May 28, 1937, P. L. 1053, as amended, 66 PS §1501.

Briefly, this section makes it a summary offense to haul products as a motor carrier without a certificate of public convenience.

Paul Radwanski was the driver of the truck owned by Walter G. Kampas, who did and still does have a certificate of public convenience, which is fully set out in application docket no. 74766 and folder 1, Am-B of the same docket of the Public Utility Commission.

The privileges granted to Kampas are as follows (made a part of the record as exhibit A) :

"To transport, as a Class D carrier, meat and meat products, carbonated beverages, beds, bed springs and new furniture between points in the City of Pittsburgh, Allegheny County, and within fifty (50) miles, by the usually travelled highways of the limits of the said city, excluding the right to transport household goods and related articles for a distance in excess of forty (40) miles.

"To transport, as a Class D carrier, household goods in use and office furniture in use, between points in the County of Allegheny, excluding the right to transport household goods and related articles for distances in excess of forty (40) miles".

"To transport, as a class D carrier, meats and packing house products, in mechanically refrigerated trucks, from the plant of Oscar Mayer & Co., in the Borough of Monroeville, Allegheny County, to points in the Counties of Lawrence, Beaver, Washington, Greene, Butler, Allegheny, Armstrong, Westmoreland, Fayette, Indiana, Cambria, Somerset, Blair and Bedford, and the return of refused or damaged shipments to the point of origin; excluding the transportation of commodities in bulk in tank vehicles or in hopper-type vehicles".

On or about December 3, 1963, while these privileges were in effect, Paul Radwanski was driving Kampas' truck southward on Route 19 in Peters Township somewhat north of Donaldson's Crossroads. The truck contained a load made up of various boxes of Breck Hair Spray, Halo Spray, Helene Curtis Rinse, Arrid Cream Deodorant, Mum, Secret and various other deodorants both of the roll-on, cream and spray varieties; lipstick, Cover Girl liquid makeup, Brylcream hair dressing, and other varieties; after-shave lotions, Rinse-Away, Rise and Mennen shaving lather; cotton, vaseline, baby powder, Q-Tips, chapsticks, Ben-Gay, Excedrin, various mouth washes, and home remedies of the type seen nightly on television. Enough has been described to identify the character of the load. It had come from a warehouse.

This material was being transported from H. B. Service Company in Pittsburgh to a Giant Eagle Market at Donaldson's Crossroads.

A representative of the Public Utility Commission, having stopped the truck and examined the load, made an information charging violation of the Public Utility Law; specifically, the Act of May 28, 1937, P. L. 1053, as amended.

The justice of the peace found that defendant did not have a certificate of public convenience to transport

the material in question and found defendant guilty as charged.

This court permitted an appeal.

It is now the duty of this court to try the case de novo, to find the facts and thereupon to enter such judgment as would be warranted by the law and the evidence. See Commonwealth v. Peacock, 118 Pa. Superior Ct. 168.

The facts were agreed upon by counsel, who stipulated that the sole question for determination was whether or not the certificate of public convenience, fully set out above, permitted the hauling of the articles described. Exhibit "B", which was made a part of the record, fully describes the articles.

The specific part of the certificate requiring interpretation is that which allows the hauling of "household goods in use and office furniture in use, between points in the County of Allegheny, excluding the right to transport household goods and related articles for distances in excess of forty miles".

Defendants argue that this, in effect, does permit the transportation of household goods and related articles, so long as they are not hauled further than 40 miles, and that the pain killers, odor killers and beauty aids were, in truth, household goods, or they were related to household goods in any event, and, therefore, defendants are not guilty as charged.

We find no Pennsylvania case in point and, therefore, must fall back on more widely read authorities.

The court's edition of Webster does not define household goods, but Bouvier points out that for purposes of interpreting a will, the term "household goods" is defined as everything of a permanent nature; that is, articles of the household which are not consumed in their enjoyment, but were acquired by the owner for his house and not in the way of his trade. Plate passes by this term, but not victuals or sporting arms. Web-

ster says that "goods" are wares or chattels or commodities, and that "household" means, pertaining to a household, hence, domestic, familiar or common.

To the court, the ordinary meaning of "household goods" would include linen, china, ornaments, rugs, pots, pans and the like, and might include toothbrushes and toothpaste and hair combs and brushes in use, and a reasonable accumulation of home remedies and paraphernalia which the average American family finds indispensable at home or on the move, but it seems unnecessary to belabor the point.

The articles being hauled were warehouse goods, packed in their original containers, not in use and intended for resale, and in no sense of the word connected with any household.

The decision is made easier when the privileges are read as a whole. Defendants were allowed to haul household goods in use and office furniture in use. It was merely stated that they could not haul household goods and related articles for distances in excess of 40 miles. We think the terms "related articles" are not broad enough to include the material being hauled. They do not in any way appear to be related to household goods or to households.

Since Paul Radwanski was merely the driver, there is no point in involving him.

As to a finding of the facts, it is deemed unnecessary, as the material facts were stipulated to go on the record.

Counsel, having first agreed on the issue, have argued the question and submitted briefs.

Although the court is aware of the problems which businessmen have in complying with various State orders and directives, there seems to be no question that defendant Kampas exceeded the scope of his certificate of public convenience.

The fine imposed was $200. There was no record

introduced of any previous violation, and the act provides that the first two violations are summary offenses. The act does permit a fine of not less than $25 or more than $300 for the first and second offenses. A fine of $200 for the first offense is considered somewhat excessive.

Wherefore, the court makes this order:

ORDER

And now, February 14, 1964, defendant, Walter G. Kampas, is found guilty of violating section 1311 of article XIII, of the Act of May 28, 1937, P. L. 1053, as amended, and is sentenced to pay a fine of $50 and the costs of prosecution, including any costs incident to this appeal. The fine and costs shall be paid within 10 days of the date of this order, and in default of payment, defendant shall be committed to the Washington County Jail for a period of five days.