STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. LEMAR, INC., *ET AL.*, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted February 22, 1977—Decided June 30, 1977.

Before Judges FRITZ, ARD and PRESSLER.

*Mr. Philip C. Geibel,* attorney for appellants.

*Mr. Joseph C. Woodcock, Jr.,* Bergen County Prosecutor, attorney for respondent (*Mr. Timothy N. Tuttle,* Assistant Prosecutor, on the brief).

PER CURIAM. This appeal concerns weight overloads in trucks. It is submitted on stipulated facts unnecessary here to recite because the issue is wholly a matter of law. The single, narrow and dispositive question is whether the 5% excess allowed beyond weight limitations before an arrest may be made for overloading (*N. J. S. A.* 39:3–84.3) is also a "poundage allowance" when it comes to a matter of the fine, an inquiry not heretofore resolved by the appellate courts of this State. We answer that question in the negative and affirm.

The statute is perfectly clear. Its plain language provides only that no arrest shall be made where weight limitations are not exceeded by more than 5%. To imply an intent beyond that thus clearly expressed would constitute an impermissive broadening of the statute. We must construe the statute as written. *Gerber v. Board of Review, Dept. of Labor and Industry,* 20 *N. J.* 561, 566 (1956). Moreover, where the meaning is plain, as here, the courts should not construe at all, but simply enforce the perfectly expressed intent. *Watt v. Franklin Mayor and Council,* 21 *N. J.* 274, 277 (1956).

Appellants seek to impose an ambiguity upon the statute by the reference in *N. J. S. A.* 39:3–20 to the "5% allowance" of *N. J. S. A.* 39:3–84.3 and, in turn, the reference in one of the fine provisions of the latter statute to the former statute. The short answer to this contention is that in neither *N. J. S. A.* 39:3–20 nor in the fine provision referring thereto is there any suggestion at all, explicit or implicit, that the Legislature intended that 5% be deducted from the gross overweight before the fine is determined. Rather it is apparent that those cross-references were designed to avoid a countenancing of an exceeding of the federal maximum, irrespective of the al-

lowance, and to provide a manner of calculation of the 5%. Conviction in this regard is reinforced by the fact that the fine provision pertaining to vehicles other than those registered "in any other State or Federal district [etc.]" does not refer to *N. J. S. A.* 39:3–20, and consequently does not refer even indirectly to the 5% allowance.

The purpose of the legislation thus being clear, we need not debate whether it was motivated by concern for the possible inaccuracy of the scales, *State v. Rogers & Sheldon, Inc.,* 16 *N. J. Super.* 80 (Cty Ct. 1951), or to prevent prosecution in the case of lesser violations. The simple fact is that the 5% allowance is no more than a "limit which the state, as a matter of grace, allows before an arrest may be made." *Commonwealth v. Peacock,* 118 *Pa. Super.* 168, 179 *A.* 907 (Super. Ct. 1935).

Affirmed.