696 A.2d 98

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. JOSE PESTANA, HOLGATE, R.W. VOGEL, INC., MICHAEL FUSCHINI, TODD MUSO, MURSIER SMITH, HOE EXCAVATING, JONATHAN HORNER, ENVIRONMENTALLY CLEAN NATURALLY, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued June 18, 1997—Decided July 10, 1997.

Before Judges SHEBELL and DREIER.

*John M. Krenzel* and *Leisah C. Bluespruce* argued the cause for appellants (*Raczkowski & Krenzel,* attorneys; *Thaddeus C. Raczkowski* and *Leisah C. Bluespruce,* on the brief).

*Simon Louis Rosenbach,* Assistant Prosecutor argued the cause for respondent (*Robert W. Gluck,* Middlesex County Prosecutor, attorney; *Mr. Rosenbach,* of counsel and on the brief).

The opinion of the court was delivered by

DREIER, P.J.A.D.

Defendants appeal from convictions for violations of the speeding and overweight statute applicable to construction (constructor) plated vehicles. *N.J.S.A.* 39:3–20b. After a conviction in the Law Division following a trial *de novo* on the municipal court record, defendants appeal, raising four points:

POINT I

"Constructor" Registered Vehicles Are Exempt From the Axle Weight Laws.

POINT II

The Violations Under *N.J.S.A.* 39:3–20 Are Quasi-Criminal And, Accordingly, Inferences Are To Be Drawn In Favor Of The Defendants/Appellants.

POINT III

The Inconsistency of the Speeding Statutes As Applied Violates Defendants' Rights to Due Process.

POINT IV

The Five Percent Tolerance Under *N.J.S.A.* 39:3–84.3 Applies To All Overweight Violations.

Defendants were cited for speeding and having loads in excess of their vehicles' registered weights, all in violation of the statutes applicable to construction vehicles.[1] The trial judge was correct in

---

1. The weights and speeds for each defendant were as follows:

Weight Convictions:

| DEFENDANT | ACTUAL WEIGHT | REGISTERED WEIGHT |
| --- | --- | --- |
| Holgate Properties | 72,640 | 70,000 |
| Holgate Properties | 71,880 | 70,000 |
| Environmentally Clean | 73,060 | 70,000 |
| Environmentally Clean | 72,620 | 70,000 |
| Hoe Excavating | 71,370 | 70,000 |
| Holgate Properties | 71,420 | 70,000 |

noting that as the question was posed to him and upon the conclusions he had drawn, determinations still remained to be made concerning the speed of one of the vehicles and the numbers of axles on others. In this respect the appeal to us as to those vehicles is interlocutory, and we grant leave to appeal *nunc pro tunc* so that we can reach the issue of statutory construction governing these cases.

## I.

The citations for the speed limit and weight restriction violations are interrelated, as can be seen from *N.J.S.A.* 39:3–20b. This statute states in relevant part:

> Such [constructor plated] commercial motor vehicle shall be operated in compliance with the speed limitations of Title 39 of the Revised Statutes and shall not be operated at a speed greater than 30 miles per hour when one or more of its axles has a load which exceeds the limitations prescribed in R.S. 39:3–84.

It is clear from this statute that a vehicle bearing "constructor" license plates must not exceed the speed of thirty miles per hour if one or more of its axles exceeds the limitations prescribed in

---

(Holgate Properties          64,260          56,460)
(Not apparently appealed                          )

### Speeding Convictions:

| DEFENDANT | ACTUAL SPEED |
| --- | --- |
| Smith | 44 |
| Muso | 45 |
| Pestana | 47 |
| Horner | 43 |
| Fuschini | 50 |
| Muso | 49 |

These are the only summonses for which convictions were obtained. However, we note that the record before us contains additional summonses.

*N.J.S.A.* 39:3–84. This later statute specifies the axle load for all vehicles. *N.J.S.A.* 39:3–84b first provides generally:

No vehicle or combination of vehicles, including load or contents, found or operated on any public road, street or highway or any public or quasi-public property in this State shall exceed the weight limitations set forth in this Title. Violations shall be enforced pursuant to subsection j. of section 5 of P.L.1950, c. 142 (C. 39:3–84.3).

The statute then sets specific weight restrictions for particular types of trucks.

Defendants point, however, to their exemption from the axle based weight restrictions of *N.J.S.A.* 39:3–84 by a provision of *N.J.S.A.* 39:3–84.1, which states in applicable part:

[W]eight limitations provided [in subsections (b)1, (b)2 and (b)3 of *N.J.S.A.* 39:3–84] relative to maximum gross axle weights shall not apply to vehicles registered as "constructor" ... vehicles.... Vehicles registered as "constructor" ... shall be limited to a maximum gross vehicle weight, including load or contents, as shown on the registration certificate of that vehicle.

We can interpret these statutes in one of two basic ways, but with a possible variant of the second reading. First, we could find, as did the trial judge, that the axle weight restrictions of section 84 apply only insofar as they govern the speed of the vehicle under section 20. Under such an interpretation, the vehicle may be loaded to its maximum licensed capacity notwithstanding the extra load on any one or more axles so long as the vehicle's speed does not exceed thirty miles per hour. This is the only interpretation that would give effect to both of the applicable provisions.

A second interpretation would have section 84.1 modify section 84, deleting any applicable axle limitation for constructor plated vehicles for all purposes. Such an interpretation would remove the speed limitation in section 20 because there would be no axle overload limitation. We have been told by defendants that this is the necessary reading because the construction of certain large earth-moving vehicles of necessity places the weight of the load over one or two of the axles so that the load limitations must be exceeded, and thus would always limit these vehicles to thirty miles per hour when they are loaded. Of course when they are empty they may travel at the normal posted speeds. Defendants

further indicate that these vehicles travel regularly over highways such as the New Jersey Turnpike, where the thirty mile per hour speed limited by section 20 would violate the minimum speed regulations and would no doubt cause massive traffic delays. An answer to this argument might be that the vehicles when so loaded should take other routes.

There is a third possible reading that is a variant of the second and would also interpret the axle load language of section 20 as incorporating the modification of section 84 by 84.1, but would also note that while constructor vehicles are exempt from the specific axle limitations, they are "limited to a maximum gross vehicle weight ... shown on the registration certificate." *N.J.S.A.* 39:3–84.1a. This interpretation also would encompass the provisions of *N.J.S.A.* 39:3–84.3f prohibiting an arrest or summons being issued for a violation of weight limitations where the excess weight is no more than five percent of the weight permitted. If in fact the vehicle contained the five percent excess weight, then and only then would the thirty mile per hour limitation be enforced. This third interpretation would use section 84.1 as a basis for substituting total weight for the axle loads mentioned in section 20.

█ Both of the variants of this alternative interpretation strain the language and apparent meaning of these statutes. We find, therefore, that the trial judge correctly determined that the first of these readings, giving effect to each provision of the statute and the plain language of each section, supported the speeding convictions.[2] We therefore affirm the speeding convictions as to each defendant if the requisite proof of speeding was presented, except as to defendant Holgate where the speed was not specified on the

---

[2] While we fully appreciate the practical problems faced by the construction industry in complying with this statute, we find that the issue should be the subject of a legislative revision if constructor plated vehicles are to be permitted to exceed thirty miles per hour when their axle weights exceed the standards of section 84. We commend this issue to the Legislature for its review. In the interim, constructor plated vehicles are permitted to exceed the weight limitations of section 84 only if they limit their speeds to thirty miles per hour.

summons. As only the legal issue has been argued here, and we have not been provided with a record of any proofs other than the summons, we remand that conviction for any further proceedings as may be permitted by law.

## II.

■ With regard to the weight violations, however, we must differ with the trial judge. The judge determined that the provisions of *N.J.S.A.* 39:3–84.3f are inapplicable to constructor plated vehicles. The section reads in applicable part:

> No arrest shall be made or summons issued for a violation of the weight limitations as provided in this act at R.S. 39:3–84b. where the excess weight is no more than 5% of the weight permitted, provided the gross weight of the vehicle or combination of vehicles, including load or contents, does not exceed the maximum gross weight of 80,000 pounds as set forth at R.S. 39:3–84b.(4).

The trial judge determined that this section was applicable only to subsection b. of section 84 and therefore had no effect on *N.J.S.A.* 39:3–20, and by implication *N.J.S.A.* 39:3–94.1a, both of which specify the maximum loads for a constructor plated vehicle. As we have already stated, section 20 relates to the speed of the vehicle; section 84 and its adjacent sections refer to such vehicles' weight. However, subsection b of section 84, as quoted earlier, also provides that vehicles shall not "exceed the weight limitations set forth in this *Title.*" (Emphasis added). Thus, section 84 specifies the maximum weights under all of Title 39, not just axle weights. Furthermore, sections 20 and 84, as is clear by the cross-references in section 20, were obviously meant to be read together. Section 84.3, which also encompasses section 84, does not amend section 20 or section 84, or change any permitted weights; it merely precludes arrests or summonses for weight violations if the excess is no more than five percent of the permitted weight. *State v. Lemar, Inc.,* 151 *N.J.Super.* 60, 61–62, 376 *A.*2d 557 (App.Div.1977). We see this section as a definition of a *de minimis* standard applicable to constructor vehicles as well as other vehicles regulated by section 84.

The axle weights specified in section 20 relate only to the permitted speed of the vehicle. They do not relate to the load the constructor plated vehicle may carry. Section 84, as modified by section 83.1, sets the load limit at that shown on the vehicle's registration certificate. It is to that weight that section 84.3 is applicable.

We therefore vacate the convictions of defendants based on weight, as each of the weights apparently fall within the five percent provisions of *N.J.S.A.* 39:3–84.3f.[3]

The speeding convictions of defendants other than Holgate are affirmed on the partial record before us, provided there are no other infirmities in the proofs, and the weight limitation convictions are reversed. This matter is remanded to the Law Division for further proceedings and the entry of appropriate orders or judgments in accordance with this opinion.

---

[3] In view of the result we reach, we need not consider the issue of whether there can be separate penalties for multiple offenses of speeding and overweight vehicles, one of which is an element of the other, where the registered load capacity is not exceeded. *See State v. Churchdale Leasing, Inc.,* 115 *N.J.* 83, 101–02, 557 *A.2d* 277 (1989).